UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
JULIO PEREZ,                              :    11 Civ. 5029 (PKC) (JCF)
                                          :
                  Petitioner,             :        REPORT AND
                                          :        RECOMMENDATION
        - against -                       :
                                          :
ERIC H. HOLDER, JR., Attorney             :
General; JANET NAPOLITANO,                :
Secretary of the Department of            :    ┌─────────────────────────────┐
Homeland Security;  CHRISTOPHER           :    │ USDS SDNY                   │
SHANAHAN, U.S. ICE Field Office           :    │ DOCUMENT                    │
Director for the New York Field           :    │ ELECTRONICALLY FILED        │
Office; and CORNELL ORSINO, Warden :           │ DOC #: _____ │
of Immigration Detention Facility, :           │ DATE FILED: 1 31 12         │
                                          :    └─────────────────────────────┘
                  Respondents.            :
- - - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE P. KEVIN CASTEL, U.S.D.J.:

   Julio Perez brings this petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2241, challenging his detention pending
removal from the United States pursuant to the Immigration and
Nationality Act (the "INA").  Because the petition is now moot, I
recommend that it be dismissed.

Background

   Mr. Perez is a native and citizen of the Dominican Republic
who was admitted to the United States on March 13, 1988, as a
lawful permanent resident.  (Notice to Appear dated Dec. 3, 2009
("Notice to Appear"), attached as Exh. 1 to Return dated Oct. 27,
2011 ("Return")).  In 2007 he was convicted in New York State
Supreme Court of attempted criminal sale of a controlled substance

1

in the third degree, for which he received a sentence of five years probation. (Repository Inquiry, attached as Exh. 2 to Return, at 6). In 2009, while still on probation, Mr. Perez was convicted of attempted criminal possession of a narcotic drug in the fourth degree and sentenced to eighteen months of imprisonment. (Repository Inquiry at 5).

While Mr. Perez was in state custody, U.S. Immigration and Customs Enforcement ("ICE") initiated removal proceedings on the grounds that he was subject to being removed pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony and pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) as an alien convicted of a narcotics offense. (Notice to Appear at 1). When he was released from state custody on January 15, 2010, Mr. Perez was immediately taken into custody by ICE pending his deportation. (Detention History, attached as Exh. 6 to Return). On November 22, 2010, he was ordered removed. (Decision of Immigration Judge dated Nov. 22, 2010, attached as Exh. 3 to Return, at 18). Mr. Perez initiated a series of challenges to his removal, which culminated in a determination by the Second Circuit on November 22, 2011, dismissing his petition for review of the removal order. (Perez v. Holder, No. 11-1509-ag, attached to Letter of Patricia L. Buchanan dated Nov. 30, 2011). In the meantime, Mr. Perez had filed the instant petition, seeking to be released from detention. Following

2

the Second Circuit's determination, the petitioner was removed to the Dominican Republic on January 17, 2012. (Letter of Patricia L. Buchanan dated Jan. 30, 2012 at 1).

Discussion

Pursuant to Article III, Section 2 of the United States Constitution, a habeas petition is moot if there is no case or controversy. A habeas petition challenging immigration detention is moot once the petitioner has been deported and is no longer in ICE custody. See Paraison v. Holder, No. 09 Civ. 10283, 2010 WL 1712019, at *1 (S.D.N.Y. March 23, 2010); Wong Silk Leung v. Department of Homeland Security, No. 09 Civ. 2528, 2009 WL 2956829, at *1 (S.D.N.Y. Sept. 15, 2009); Denis v. DHS/ICE of Buffalo, New York, 634 F. Supp. 2d 338, 340-41 (W.D.N.Y. 2009). Here, Mr. Perez sought only release from ICE detention; he has exhausted all challenges to the order of removal and has alleged no collateral consequences from the now-concluded detention. Accordingly, Mr. Perez's habeas petition is moot because it presents no case or controversy.

Conclusion

For the reasons explained above, I recommend that the petition be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written

objections to this Report and Recommendation.   Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable P. Kevin Castel, Room 2260, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007.   Failure to file timely objections will preclude appellate review.

                    Respectfully submitted,

                    JAMES C. FRANCIS IV
                    UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           January 31, 2012

Copies mailed this date:

Julio Perez[1]
041-598-307
Orange County Jail
110 Wells Farm Road
Goshen, New York  10924

Patricia L. Buchanan, Esq.
Assistant United States Attorney
86 Chambers Street
New York, New York  10007

---

      [1] Because Mr. Perez's current address is unknown, a copy of this Report and Recommendation is being sent to his last known address prior to his removal.